﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190701-10699
DATE: May 29, 2020

REMANDED

The issue of entitlement to service connection for bilateral hearing loss is remanded.

The issue of entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Board notes that the rating decision on appeal was issued in August 2017. In May 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d)). 

The Veteran served on active duty from May 1975 to May 1983. The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form, which was received by VA on May 22, 2018. Accordingly, a November 2018 rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the August 2017 rating decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for bilateral hearing loss. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c). The Board notes that the AOJ adjudicated the Veteran’s claim for tinnitus for the first time in the August 2018 rating decision. As such, no new and relevant evidence is required for adjudication. 

1. The issue of entitlement to service connection for bilateral hearing loss is remanded.

2. The issue of entitlement to service connection for tinnitus is remanded.

The issues of entitlement to hearing loss and tinnitus are remanded to correct a duty to assist error that occurred prior to the May 2018 RAMP Opt-in. Together with his RAMP Opt-in selection form, the Veteran submitted a statement where he reported that as an indirect fire crewman, he was exposed to 81 mm mortars, 4.2 mortars, and 50-inch caliber machine guns and that after a full day of firing motors and 50 caliber machine guns, his ears would be ringing and he couldn’t hear well over the next several days. 

The AOJ obtained a medical opinion prior to the August 2017 rating decision. This medical opinion, obtained in August 2017, is insufficient in light of the Veteran’s above report, since its conclusion was based, in part, on lack of evidence for in-service noise injury and the Veteran provided a description of noise exposure in service after the examination during the pendency of the appeal. 

Therefore, a remand is required for an addendum opinion addressing nexus between the Veteran’s report of in-service experience of noise exposure, as provided in the May 2018 statement, and his hearing loss or tinnitus. It should specifically be indicated whether the type of hearing loss fund is the type expected to be fund with acoustic trauma, as opposed to infection, advancing age, or some other cause.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s bilateral hearing loss and tinnitus, respectively, are at least as likely as not related to in-service noise exposure as reported by the Veteran. 

The examiner must review the entire claims file, to include the Veteran’s explanation as to the extent of his noise exposure in service. The examiner is advised that a delayed onset of a disability, in itself, without more, is not a sufficient reason for negative nexus opinion for service connection. 

A full and complete rationale for all opinions expressed must be provided. If the examiner cannot provide a requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. It should be specifically indicated whether the type of hearing loss found here is consistent with acoustic trauma, recurrent infection, advancing age, or other suspected cause.

 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Y. Taylor, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.